# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LIZA GOOCH,
:
    Plaintiff,                                  Case No. 3:05-cv-085

:         District Judge Thomas M. Rose
    -vs-                                     Chief Magistrate Judge Michael R. Merz

VETERANS SERVICES
 COMMISSION, et al.,
:
    Defendants.

## REPORT AND RECOMMENDATIONS

       This action is before the Court on Plaintiff's motion to certify this as a class action ("Motion the Court for Class Action Suite," Doc. No. 19).

       The gravamen of Plaintiff's Complaint is that she was improperly and indeed unconstitutionally denied veteran's benefits by the Defendants.  In the instant Motion, she claims that there are other Xenia-area veterans who have been denied benefits by Defendants and seeks to represent them as a class representative.

       For a case to proceed as a class action, the plaintiff must establish (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defense of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  The burden of establishing the appropriateness of class certification is on the plaintiff.  *Senter v. General Motors Corp.,* 532 F. 2d 511 (6th Cir. 1976).

       The Court must respectfully point out to the Plaintiff that she has not met any of these four

prerequisites. She has not advised the Court how large the class is or might be. She has not shown that the Defendants have acted on any common basis toward these potential class members or that her claims are typical. Finally, Plaintiff is not admitted to practice as an attorney before this Court. A number of courts have held that class representatives may not appear *pro se*. *See Oxendine v. Williams*, 509 F. 2d 1405 (4th Cir. 1975); *Inmates, Washington County Jail v. England,* 516 F. Supp. 132 (D. Tenn. 1980), *affirmed,* 659 F. 2d 1081 (6th Cir. 1981); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1769.1 at 380.

It is therefore respectfully recommended that the motion for class certification be denied. This will not prohibit any other veterans who might come forward with similar claims from becoming plaintiffs in the case on a motion for joinder.

September 8, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).