# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

LIZA GOOCH,

                          :

           Plaintiff,                      Case No. 3:05-cv-085

                          :             District Judge Thomas M. Rose

      -vs-                             Chief Magistrate Judge Michael R. Merz

VETERANS SERVICES
 COMMISSION, et al.,

                          :

           Defendants.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendants' Motion for Summary Judgment as to All Claims (Doc. No. 22) which the Plaintiff has timely opposed (Doc. No. 26).

Plaintiff brought this action against the Greene County Veterans Service Commission, the members of the Commission (Defendants Carolyn Crawford, Martin Cummins, Charles Knaub, John Kyne, and M. David Reid) and the Commission's Executive Director John Steele (Complaint, Doc. No. 1).

Plaintiff claims that she was in need of emergency assistance from Defendant Commission for rent for January, 2005, because of major surgery in December, 2004, and that the assistance was denied. Attached to her Complaint are a number of newspaper stories and copies of correspondence, including a letter from Defendant Commission denying her assistance. She seeks an unstated but large amount of money damages and removal of all the Defendants from the Commission as members or employees.

Plaintiff, who is proceeding *pro se*, has never stated explicitly any basis for federal subject

matter jurisdiction.  The sole basis which can be inferred from the pleadings is that she claims she has been denied veterans benefits without due process of law.  Thus the Court understands that Plaintiff is intending to bring this lawsuit on that basis.  A suit for deprivation of due process arises under 42 U.S.C. §1983 and this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

42 U.S.C. §1983, R.S. §1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law.  *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).  The purpose of §1983 is to deter state actors from using the badge of  their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole*, 504 U.S. 158, 1125 S. Ct. 1827, 118 L. Ed. 2d 504 (1992).  In order to be granted relief,  a plaintiff must establish that the defendant deprived him of a right secured by the U.S.  Constitution and the laws of the United States and that the deprivation occurred under  color of state law.  *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*,  451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Flagg Brothers Inc. v. Brooks*, 436  U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d

185 (1978).

The Fourteenth Amendment to the United States Constitution prohibits the States from depriving persons of life, liberty, or property without due process of law.  Under the Fourteenth Amendment, the benefits Plaintiff claims she was deprived of would be a property interest, rather than a liberty or life interest.

The property interests protected from deprivation by the Fourteenth Amendment are in general those property interests created by the States.  *See Board of Regents v. Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).  The Veterans Service Commission is created by Ohio Revised Code § 5901.02 and benefits are distributed by the Commission under Chapter 5901 of the Revised Code.  Not every state-conferred benefit is a property right, however.  For example, "[g]overnment employment amounts to a protected property interest [only] when the employee is entitled to continued employment.  Neither mere government employment nor an abstract need or desire for continued employment will give rise to a property interest.  Rather, a property interest exists and its boundaries are defined by rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bailey v. Floyd Bd. of Educ.*, 106 F. 3d 135, 141 (6th Cir. 1997).

The Veterans Service provisions of the Ohio Revised Code do not create an absolute right to any award of relief for veterans.  Rather, they provide that the Veterans Service Commission is to present a budget for total relief to the County Commissioners and then adopt rules and regulations for the fair distribution of the budgeted amount.  As demonstrated by Defendants' Motion and the attached Affidavit of Defendant Steele, one of those regulations provides that financial assistance is available only to those with temporary financial difficulties.  As further demonstrated by the Steele Affidavit and by the correspondence submitted by Plaintiff, the Defendants determined that Plaintiff's difficulties were not temporary, having provided assistance to her in October, 2004.

While Plaintiff states in her Complaint that the Defendants do not follow the required rules and regulations, she has provided no proof of any other regulation.

It appears that Plaintiff disputes Defendants' determination that her financial difficulties were not temporary, but that determination is properly within the discretion of the Veterans Services Commission to make.

Because Ohio Revised Code Chapter 5901 does not create any right to a particular amount of relief or indeed to receive any relief at all, Plaintiff has not shown she has a property right protected by the Fourteenth Amendment.

Moreover, she has not shown that she was entitled to any more process than she received. That is, she has not shown she was entitled to any more process than submitting an application and having it considered by the Commission under their regulations forbidding assistance to persons whose financial difficulties are more than temporary. Although she claims they did not follow their regulations, she has not presented the Court with any relevant regulation that was not followed.

As Defendants point out, because Plaintiff has not specified whether she is suing the Defendants in their official or individual capacities, the Complaint should be read as suing the Defendants only in their official capacities, which amounts to suing only the Commission. *Wells v. Brown*, 891 F. 2d 591 (6th Cir. 1989). Municipalities and other bodies of local government are "persons" within the meaning of §1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The policy must be deliberate and discernible. *Molton v. City of Cleveland*, 839 F.2d 240 (6th Cir. 1988). For an act pursuant to custom to subject a municipality to liability, the custom must be so widespread, permanent, and well settled as to have the force of law. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520

4

U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997); *Doe v. Claiborne County, Tenn.*, 103 F. 3d 495, 507-08 (6th Cir. 1996). To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405, 116 S. Ct. 1382, 1389 (1997); *Garner v. Memphis Police Dept.*, 8 F. 3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), citing *Waters v. City of Morristown*, 242 F. 3d 353, 362 (6th Cir. 2001)(citing *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404, 116 S. Ct. 1382, 1388 (1997)). Plaintiff has offered no proof of an unconstitutional policy of Defendant Veterans Service Commission; indeed, she has not identified any particular policy at all. Plaintiff complains that the Commission makes up its own rules, but that is what it is supposed to do under Ohio Revised Code Chapter 5901.

Supposing that the Plaintiff were intending to sue the named Defendants in their individual capacities, they would be entitled to invoke the doctrine of qualified immunity. Government officials performing discretionary functions are afforded a qualified immunity under 42 U.S.C. §1983 as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Christophel v. Kukulinsky*, 61 F. 3d 479, 484 (6th Cir. 1995); *Adams v. Metiva*, 31 F. 3d 375, 386 (6th Cir., 1994); *Flatford v. City of Monroe*, 17 F. 3d 162 (6th Cir. 1994). The question is not the subjective good or bad faith of the public official, but the "objective legal reasonableness" of his or her action in light of clearly established law at the time the official acted. *Anderson v. Creighton*, 483, U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).

In order for the violated right to be clearly established, the contours of the right must be

sufficiently clear that a reasonable official would understand that what he or she is doing violates that right;  in light of pre-existing law, the unlawfulness of the official's action must be apparent. *Anderson v. Creighton*, 483 U.S. at 640.  The right must be defined at the appropriate level of specificity to determine whether it was clearly established at the time the defendants acted.  *Wilson v. Layne*, 526 U.S. 603, 615 (1999), citing *Anderson v. Creighton.*  The test is whether the law was clear in relation to the specific facts confronting the public official when he acted;  the constitutional right must not be characterized too broadly without considering the specific facts of the case. *Guercio v. Brody*, 911 F. 2d 1179 (6th Cir. 1990).  The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  *Russo v. City of Cincinnati,* 953 F. 2d 1036, 1042 (6th Cir. 1992).  Although the very action in question need not have previously been held unlawful, its unlawfulness must be apparent in light of pre-existing law. *Id.* An action's unlawfulness can be apparent from direct holdings, specific examples described as prohibited, or from the general reasoning that a court employs.  *Burchett v. Kiefer*, 310 F.3d 937 (6th Cir. 2002), citing *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 2516-17, 153 L.Ed.2d 666 (2002).  Plaintiff has not pointed to any clearly established law which makes the denial of veterans benefits in circumstances such as hers unconstitutional.

As noted above, Plaintiff filed a memorandum in opposition to the Defendants' summary judgment motion.  In her memorandum, she denies several statements made by Defendant Steele in his Affidavit.  Assuming Plaintiff is in a position to swear to the accuracy of her statements, none of them are material to the outcome.

Simply put, this Court does not and cannot sit as an appeals board for determinations of the Greene County Veterans Service Commission.  Not every failure of a governmental body to grant a citizen a benefit to which the citizen believes she is entitled amounts to denial of a constitutional right.

Defendants' summary judgment motion should be granted and this case dismissed with prejudice.


November 2, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).